UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-18219-JGR |
| THOMAS KUTRUBES, ) | |
| SSN: xxx-xx-5948 ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____) | |
| ATLAS BIOLOGICALS, INC. ) | |
| Plaintiff ) | |
| ) | Adv. Proc. No. 23-1266-JGR |
| v. ) | |
| ) | |
| THOMAS KUTRUBES ) | |
| Defendant ) | |

**ANSWER**

Thomas Kutrubes (the "Debtor"), by and through his counsel, Wadsworth Garber Warner Conrardy, P.C., for his Answer respectfully states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Admitted.

2. Admitted (there is a typo with "August").

3. Admitted.

4. Admitted.

5. The averment does not require a response.

**GENERAL ALLEGATIONS**

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Admitted that the Debtor formed an entity called Peak Serum and the serum would be sold nationwide and if there were any buyers worldwide, there was no plan on territory. All other allegations in the averment are denied. The product is distinguishable from the product of Atlas. Peak Serum also sold product other than serum.

12. Denied that a customer list was sent. The rest of the averment is admitted.

13. The Debtor is without knowledge as to the veracity of the averment, so the Debtor cannot respond and the averment is deemed denied.

14. Denied.

15. Admitted, but a customer list was not emailed.

16. Admitted that Debtor contacted several customers from his Atlas email, which had his block signature. The remainder of the averment is denied.

17. Admitted.

18. The first sentence is admitted. The second sentence of the averment is denied. Specifically, the suppliers, manufacturers and businesses partners were not exclusive to Atlas.

19. Denied. Atlas told Debtor to resign.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Admitted that the Order is attached. The Order speaks for itself.

27. The first two sentences of the averment are admitted. With respect to the last sentence of the averment, the Judgment speaks for itself.

28. No response is required, the Order and Judgment speaks for itself.

29. No response is required, the Order and Judgment speaks for itself.

30. No response is required, the Order and Judgment speaks for itself.

31. No response is required, the Order and Judgment speaks for itself.

32. Admitted, expect denied that the Judgment is accruing interest as a result of the bankruptcy filing.

33. No response is required as the fee order speaks for itself.

34. Admitted.

35. Admitted.

36. Admitted.

## FIRST CLAIM FOR RELIEF

37. Defendant incorporates by reference the preceding paragraphs as if fully stated

herein.

    38.    Denied.

    39.    Denied.

    40.    Denied.

    41.    Denied.

## SECOND CLAIM FOR RELIEF

    42.    Defendant incorporates by reference the preceding paragraphs as if fully stated herein.

    43.    Denied.

    44.    Denied.

    45.    Denied.

    46.    No response is required as the Exhibits speak for themselves. To the extent a response is required, Debtor denies the allegation.

    47.    Admitted.

    48.    Denied.

    49.    Denied.

    50.    Denied.

    51.    Denied.

    52.    Denied.

## THIRD CLAIM FOR RELIEF

    53.    Defendant incorporates by reference the preceding paragraphs as if fully stated herein.

    54.    Denied.

    55.    Denied.

    56.    Denied.

    57.    No response is required, the Order speaks for itself.

    58.    Denied.

    59.    Denied.

    60.    Denied.

    61.    Denied.

## AFFIRMATIVE DEFENSES

    1.    The Complaint fails to state a claim upon which relief may be granted against the

Debtor.

2. The Debtor lacks the requisite intent for a finding that the Plaintiff's claims are non-dischargeable.

3. Th Debtor did not commit an intentional wrong so Plaintiff's claims are dischargeable.

4. To the extent that any portion of the debt is determined to be dischargeable the attorney fee claim needs to be reduced accordingly.

5. To the extent any portion of the debt that was trebled is determined to be dischargeable the trebling needs to be reduced accordingly.

WHEREFORE, Mr. Kutrubes respectfully requests this Court enter an Order, a proposed form is filed herewith, granting the requested extension and for such further relief the Court deems proper.

DATED: February 1, 2024          Respectfully submitted,

By: /s Aaron A. Garber
Aaron A. Garber #36099
WADSWORTH GARBER WARNER AND CONRARDY, P.C.
2580 W Main Street, Suite 200
Littleton, CO 80120
Telephone: 303-296-3905
Fax: 303-296-7600
Email: agarber@wgwc-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 1, 2024, I served by prepaid first class mail or ECF a copy of the **ANSWER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

David M. Miller    dmiller@spencerfane.com, kdominguez@spencerfane.com;david-miller-7513@ecf.pacerpro.com

                                                  */s/ Nichole Garber*
                                                  For Wadsworth Garber Warner Conrardy P.C.