# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| THOMAS KUTRUBES ) | Case No. Case No. 20-18219 JGR |
| SSN: xxx-xx-5948 ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| ATLAS BIOLOGICALS, INC. ) | |
| ) | Adv. Pro No. 23-1266- JGR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THOMAS KUTRUBES ) | |
| Defendant ) | |

## JOINT RULE 26 REPORT

The parties hereto, by and through their respective undersigned counsel, hereby submit the following report and proposed discovery schedule and plan, pursuant to Fed. R. Bankr. P. Rule 7026, and Fed. R. Civ. P. Rule 26(f).

**I.   Fed.R.Civ.P. 26(f) Meeting**

1.   Counsel for the parties conferred on March 4, 2024, to discuss the topics required by Fed.R.Civ.P. 26(f)(2).

**II.   Proposed Discovery Plan**

2.   The parties shall serve their initial disclosures required by Rule 26(a)(1) as required by the Court's Scheduling Order.  The Parties have already made such Disclosures.

The Parties have agreed that amended pleadings shall be filed and/or additional parties shall be joined by April 15, 2024.

**III.   Topics of Discovery**

3.   The parties propose the following discovery schedule and plan:

Discovery will be conducted with relation to the claims asserted by Plaintiff regarding dischargeability of the indebtedness due to Plaintiff.

IV. **Discovery Limitations**

4. The parties have considered the discovery limitations set forth in L.B.R. 7026-2. There does not appear to be any need to deviate from the Local Rules.

V. **Electronically Stored Information and Complex Discovery Issues**

5. The Parties discussed whether the Adversary Proceeding will require extensive discovery of electronically stored information and/or present other complex discovery issues, including privilege of confidentiality. The parties do not believe that such issues are preset in this Adversary Proceeding at this stage.

Pursuant to F.R.B.P. 7005 and F.R.C.P. 5(b)(2)(E) the parties consent to electronic service of all papers in this proceeding.

VI. **Other Discovery Issues**

6. None at this time.

VII. **Deadline for Expert Disclosures**

7. The parties do not believe expert testimony will be required with relation to the issues raised in this matter. If a party opts to do so, expert reports required by Fed. R. Civ. P. 26(a) shall be provided as follows:

    a. The parties shall be limited to one (1) expert witnesses per side.

    b. Case-in-chief expert reports shall be due by July 1, 2024.

    c. Rebuttal experts shall be due by August 15, 2024.

VIII. **Deadline for Fact and Expert Discovery**

8. All expert and non-expert discovery shall be completed by October 1, 2024 (completed means that responses to written discovery requests are timely due by that date.) The parties make take depositions after the discovery cut-off date if each party consents without further order of the Court.

IX. **Duty to Supplement – Sanctions.**

9. All disclosures and responses to discovery shall be timely supplemented pursuant to Fed.R.Civ.P. 26(e). Failure to timely disclose, or to provide incomplete, false or misleading disclosures, may result in Fed.R.Civ.P. 37(c) sanctions.

## X. Dispositive Motions Deadline

10. The Parties expect this matter to be resolved via summary judgment. Dispositive Motions, if any, must be filed by July 12, 2024. All Motions for summary judgment shall comply with L.B.R. 7056-1. Responses shall be filed within 21 days after mailing of the Dispositive Motion. Replies shall be permitted without Court order and may be filed within 14 days after mailing of the Response.

## XI. Pretrial Conference

11. The Parties do not request a pretrial conference.

## XII. Trial

12. The parties agree that this Adversary Proceeding will be ready for trial on or after October 1, 2024. The parties anticipate that the trial will take one (1) day, as it is expected there will be at least two (2) witnesses, and perhaps as many as four (4).

## XIII. Alternative Dispute Resolution

13. The parties do not request referral to mediation or other alternative dispute resolution at this time. The parties will continue to confer on the issues as warranted.

## XIV. Jurisdiction and Consent

14. The parties consent to this Court's jurisdiction and its ability to enter final orders herein on all claims for relief.

WHEREFORE, the parties pray that the Court will enter its Order approving the proposed discovery schedule and plan.

Dated: March 18, 2024   **SPENCER FANE LLP**

By: /s/ *David M. Miller*
David M. Miller, #17915
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph.: (303) 839-3800
E-mail: dmiller@spencerfane.com

*Attorneys For Plaintiff Atlas Biologicals, Inc.*

Dated:  March 18,2024

          **WADSWORTH GARBER WARNER CONRARDY, P.C.**

By:  */s/ Aaron A. Garber*
      Aaron Garber, #36099
      2580 West Main Street, Suite 200
      Littleton, CO 80120
      Ph. (303) 296-1999
      e-mail:  agarber@wgwc-law.com

*Attorneys For Defendant*

## CERTIFICATE OF SERVICE

  The undersigned certifies that on March 18, 2024 I served by prepaid first class mail a copy of **JOINT RULE 26 REPORT** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Aaron A Garber
2580 West Main Street
Suite 200
Littleton, CO 80120
303-296-1999
Fax : 303-296-7600
Email: agarber@wgwc-law.com

            */s/ Kayla Dominguez*
            Kayla Dominguez
            **Legal Assistant to** David M. Miller